UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RECO N. SIMMONS,

                Petitioner,                Case No. 2:18-cv-11984
                                                            Hon. George Caram Steeh

v.

ERICA HUSS,

                Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [Dkt. 3]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Reco Simmons ("Petitioner") challenges his 2012 Wayne Circuit Court convictions, the most serious of which is his conviction for second-degree murder. The matter is before the Court on Petitioner's motion to stay his habeas proceeding while he pursues state post-conviction relief.

## I. Background

Petitioner raised a single claim on direct in the state courts: Petitioner was denied the effective assistance of counsel when his trial attorney conceded Petitioner's guilty during closing arguments. Direct review ended on April 4, 2017, when the Michigan Supreme Court denied leave to appeal. See Dkt. 9-16. Petitioner's conviction became final 90-days later, on or about July 3, 2017. Petitioner filed his habeas petition—raising his one ineffective assistance of counsel claim—nearly one year later, on June 22, 2018. This was a little more than a week before the statute of limitations was set to expire. See 28 U.S.C. § 2244(d); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Petitioner states in his motion that he has been attempting to have a fellow prisoner/legal writer prepare and file a post-conviction review proceeding in the state courts. Petitioner

1

complains, however, that his constant transfer between facilities had frustrated his attempts to obtain legal assistance. He seeks a stay of proceedings so he can exhaust his additional claims in the state courts and then present them here.

## II. Discussion

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available, however, only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Here, it is true that the statute of limitations presents a concern as little more than a week remained on the limitations period when Petitioner filed his habeas petition. Nevertheless, Petitioner has failed to demonstrate "good cause" for his failure to exhaust his state remedies before proceeding in federal court. The motion states that Petitioner's attempts to file for state post-conviction review have been frustrated by prison transfers. Petitioner's allegations fall short though of claiming that he was denied meaningful access to the courts. The right of access to the courts is satisfied so long as the state provides the petitioner with the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A petitioner's mere pro se status, ignorance of the law, or lack of legal education are insufficient reasons to constitute "good cause" to excuse a failure to follow state procedures. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Petitioner's prison transfers are therefore insufficient to established "good cause" for his failure to file for state post-conviction

review before commencing this action. Lastly, the Court is unable to determine whether Petitioner's new claims are plainly meritless, as he does no more than list them in his motion. Petitioner has therefore failed to demonstrate entitlement to a stay.

III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay [Dkt. 3] is **DENIED**.

s/George Caram Steeh
Hon. George Caram Steeh
United States District Judge

Dated:_February 7, 2019

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
Rico N. Simmons #729615, 1960 U.S. Hwy. 41 South, Marquette, MI 49855 on
February 7, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk